863 F.2d 49
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David L. McPETERS, Petitioner-Appellant,
v.
Denise M. QUARLES, Superintendent Riverside Correctional
Facilty, Respondent- Appellee.
 No. 88-1434.
 United States Court of Appeals, Sixth Circuit.
 Nov. 21, 1988.
 
 1
 Before ENGEL, Chief Judge, WELLFORD, Circuit Judge, and WILLIAM K. THOMAS, Senior District Judge.*
 
 ORDER
 
 2
 This pro se Michigan prisoner, David L. McPeters, appeals from the judgment of the district court dismissing his petition for writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Petitioner argued that he was entitled to habeas corpus relief because he was deprived of due process of law by the failure of the court reporter to provide him with a transcript of his trial. The case was referred to a magistrate who found the issue underlying the petition to be moot. The district court, upon de novo review, adopted the magistrate's report and recommendation but added that the delay in filing the transcript did not justify the relief requested by petitioner.
 
 
 4
 Upon review, we affirm the judgment of the district court. Whether petitioner argues that he is continually being denied due process because he does not possess his own copy of the transcripts of his trial or that the three year delay in producing the transcripts denied him due process, petitioner seeks release from prison via a writ of habeas corpus. Therefore, he must first exhaust his available state court remedies before presenting this issue in the federal courts.
 
 
 5
 In affirming the district court we are constrained to agree with the observation of United States District Judge Richard A. Enslen in his opinion filed in the district court March 31, 1988 that the inordinate amount of delay in the filing of the transcript in this case "offends notions of due process, and appears as inordinate, unjustified, inexcusable and excessive as the delay suffered by [the petitioner]" in Hill v. Redmond, No. 86-136, Civ. (W.D.Mich. Oct. 15, 1986).
 
 
 6
 Accordingly, the judgment of the district court is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable William K. Thomas, Senior U.S. District Judge for the Northern District of Ohio, sitting by designation